UNITED STATES DISTRICT COURT           JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 16-8610-JFW (MRWx)**          Date:  March 24, 2017

Title:   Enedina Corona -v- Lowes Home Centers, LLC, et al.

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**
           None                                                    None

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [filed 2/3/2017; Docket No. 18]**

      On February 3, 2017, Plaintiff Enedina Corona ("Plaintiff") filed a Motion to Remand. On March 6, 2017, Defendants Lowe's Home Centers, LLC and Peter Reed (collectively, "Moving Defendants") filed their Opposition. Plaintiff did not file a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for March 27, 2017 is hereby vacated and the matter taken off calendar. After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

      On February 26, 2016, Plaintiff filed a Complaint against the Moving Defendants and Does 1 through 250 in the Superior Court for the County of Los Angeles. On October 12, 2016, Plaintiff filed a First Amended Complaint. On October 28, 2016, Plaintiff filed an "Amendment to Complaint", substituting Brandon Williams for Doe 1. Plaintiff alleges that she suffered severe injuries when a stack of tiles, piled too high, fell on her at a Lowe's store. She alleges the following claims for relief against defendants: (1) negligence; (2) premises liability; and (3) negligent hiring, training, and supervision.

      On November 18, 2016, before the Moving Defendants were served with the Amendment to Complaint (substituting Brandon Williams for Doe 1), the Moving Defendants filed a Notice of Removal of Action Under 28 U.S.C. § 1332 & § 1441(b) ("Notice of Removal"), alleging that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

      On February 3, 2017, Plaintiff moved to remand this action to Los Angeles County Superior Court, arguing that this Court does not have diversity jurisdiction because both Plaintiff and

Brandon Williams are citizens of California. In their Opposition, the Moving Defendants argue that Brandon Williams has been fraudulently joined.

## II. LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*).*

## III. DISCUSSION

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. Because the Moving Defendants have not met their burden of demonstrating that the parties are completely diverse, this action must be remanded.

Although both Plaintiff and Defendant Brandon Williams are citizens of California, the Moving Defendants contend that Defendant Brandon Williams has been fraudulently joined, and, thus, his presence in this action should be ignored. "Although an action may be removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted). "Fraudulent joinder is a term of art and does not implicate a plaintiff's subjective intent." *Health Pro Dental Corp. v. Travelers Prop. Cas. Co. of Am.*, 2017 WL 1033970, at *3 (C.D. Cal. Mar. 17, 2017). If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Indeed, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in state defendant. *See Plute*, 141 F. Supp. 2d at 1008. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact

and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand.  *See id.*  "[A] removing defendant alleging fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. Rather, the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies."  *Martinez v. Michaels*, 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015) (quotations and citations omitted).

The Court concludes that the Moving Defendants have failed to meet their heavy burden of demonstrating fraudulent joinder. Indeed, Plaintiff claims that Brandon Williams was the "individual responsible for stacking the tiles too high." Motion at 2.  Instead of presenting any evidence to the contrary, such as a declaration from Brandon Williams, and without citing to any relevant authority, the Moving Defendants merely argue that Plaintiff cannot state a negligence claim against Brandon Williams because "[t]here is no evidence [in the record] that Mr. Williams engaged in any act or omission that caused or contributed to Plaintiff's injuries" and "Plaintiff cannot establish that Mr. Williams owed her a personal duty."  Opposition at 6.  This unsupported argument is simply insufficient to demonstrate, by clear and convincing evidence, that Brandon Williams has been fraudulently joined.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**.  This action is hereby **REMANDED** to Los Angeles County Superior Court.  Plaintiff's request for attorneys' fees and costs is **DENIED**.

IT IS SO ORDERED.